**In re Kathleen M. PFALZGRAF, Debtor.**

**Bankruptcy No. 98–25982–MDM.**

United States Bankruptcy Court, E.D. Wisconsin.

May 26, 1999.

Christine Wolk, Oshkosh, WI, for debtor.

Thomas J. King, Chapter 13 Trustee.

## MEMORANDUM DECISION ON CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN

M. DEE McGARITY, Bankruptcy Judge.

This case represents the sometimes odd result that can occur when bankruptcy law is applied to state law community property interests and the liability of such interests for the obligations of spouses.

Dennis and Kathleen. Pfalzgraf filed a joint chapter 13 petition on June 9, 1998. At the time of filing, Dennis owed, among other debts, long overdue child support to two former spouses and reimbursement to the Winnebago County Child Support Agency for AFDC benefits paid on account of those children. One of those children is deceased and the other is an adult, but the obligations remain. All of these support debts were incurred before January 1, 1986, the effective date of Wisconsin's Marital Property Act, at which time Wisconsin became a community property state.

The debtors' First Amended Chapter 13 Plan was a 60 month plan that provided for a 5% dividend to unsecured creditors. The county's reimbursement claim would be paid as an unsecured nonpriority debt, as this was a support debt that had been assigned. 11 U.S.C. § 507(a)(7)(A). Any unpaid balance would not be discharged at the completion of the plan. 11 U.S.C. § 1328(a)(2). One of the priority support debts was relatively small, and the plan provided that this would be paid in full as required by 11 U.S.C. § 1322(a)(2). However, the other priority support debt to Bessie Laude was over $12,000, and the plan provided that this debt would be negotiated with the payee "to either be waived or paid after completion of Chapter 13." These negotiations apparently did not reach a conclusion satisfactory to the debtors. Without waiver or a substantial reduction in this claim, the plan was not feasible. Accordingly, the standing trustee objected to confirmation.

On January 14, 1999, Dennis dismissed his case, leaving Kathleen the sole debtor. The trustee continued his objection on the grounds that both of Dennis' nonassigned child support debts were entitled to priority and full payment under 11 U.S.C. §§ 507(a)(7) and 1322(a)(2). Kathleen conceded that all of these support debts constituted community claims, but she argued that they were not "to a spouse, former spouse, or child of the debtor" and need only be paid as an unsecured nonpriority debt. Reclassification of the large child support debt as a nonpriority debt rendered the plan feasible. By the time this matter came before the court, only Kathleen was employed.

## DISCUSSION

It is an anomaly of community property treatment by bankruptcy law that a claim by a debtor's spouse's former spouse could affect her plan in any way. The debt arose before marriage, and in this case arose before the inception of any community property law in Wisconsin. Nevertheless, as Kathleen recognizes, Bessie Laude has a community claim that must be addressed by Kathleen's chapter 13 plan. Section 101(10) of Title 11 includes in the definition of "creditor" an "entity that has a community claim." 11 U.S.C. § 101(10)(C). A "community claim" is one "for which property of the kind specified in section 541(a)(2) of this title is liable, whether or not there is any such property at the time of commencement of the case[.]" 11 U.S.C. § 101(7). Section 541(a)(2) refers to community property that is property of the estate. Wisconsin marital property is a form of community property. Wis.Stat. § 766.001(2). Thus, if there is hypothetically any community property that could be liable for the child support debt under state law, and that community property would also be property of the estate, then that creditor has a community claim. Having a community claim entitles a creditor to file a proof of claim. 11 U.S.C. § 501(a).

Under Wisconsin law, an obligation of a spouse that is attributable to an obligation that arises before marriage can be satisfied only from the incurring spouse's nonmarital property and marital property that would have been the property of that spouse but for the marriage. Wis.Stat. § 766.55(2)(c)1. Similarly, an obligation of a spouse that is attributable to an obligation that arises before January 1, 1986, can be satisfied only from the incurring spouse's nonmarital property and marital property that would have been the property of that spouse but for the enactment of the Marital Property Act. Wis.Stat. § 766.55(2)(c)2. Dennis' obligations to the county and to his children from prior marriages satisfies both of these categories of debts. Dennis' nonmarital assets would not be property of Kathleen's bankruptcy estate, but there could conceivably be community property liable for these debts that would also be property of Kathleen's bankruptcy estate. It is not necessary that such property actually exist. 11 U.S.C. § 101(7).

■ For example, Dennis might have been generating earned income after January 1, 1986, which would be classified as marital property of Dennis and Kathleen's marriage, but which would have been liable for Dennis' premarriage and pre-Act debts. Wis.Stat. § 766.31(1), (2). Had those earnings been placed in a bank account in the names of both spouses, it would have been property under the "sole, equal, or joint management and control of the debtor" and would have been property of Kathleen's bankruptcy estate under 11 U.S.C. § 541(a)(2)(A). If he kept the property he earned in his sole name, and it was classified as marital property, it would still be liable for his support debts. It would also be liable for his other debts and for family purpose debts incurred by Kathleen. Wis.Stat. § 766.55(2)(b). Therefore, Dennis' accumulated earnings would be "liable for an allowable claim against the debtor, or for both an allowable claim against the debtor and an allowable claim against the debtor's spouse, to the extent that such interest is so liable." 11 U.S.C. § 541(a)(2)(B). This brings his earnings into Kathleen's bankruptcy estate, notwithstanding the fact that management and control remained with Dennis. See Wis.Stat. § 766.51(1)(am). Thus, as Bessie Laude's claim could be satisfied from community property that comes into Kathleen's estate, her claim cannot be disallowed under 11 U.S.C. § 502(b)(1) as unenforceable against the debtor or property of the debtor. Although Dennis' former spouse could not under state law enforce the claim against the debtor, Kathleen, the former spouse could enforce the claim against Kathleen's property, i.e., Kathleen's marital property interest in Dennis' earned income, which is recoverable under Wis.Stat. § 766.55(2)(c)1. and 2.

■ A claim against the debtor includes a claim against property of the debtor. 11 U.S.C. § 102(2). This gives Dennis' former spouse an allowable claim against Kathleen in Kathleen's chapter 13 case, but it does not make Dennis' child a "child of the debtor" as that term is used in 11 U.S.C. § 507(a)(7). Therefore, Bessie Laude's claim is not entitled to priority status and need not be paid in full as required under 11 U.S.C. § 1322(a)(2). This renders the plan feasible, and the trustee's objection to confirmation is overruled.

This court has jurisdiction under 28 U.S.C. § 1334(b), and this is a core proceeding under 28 U.S.C. § 157(b)(2)(L). This memorandum decision constitutes the court's findings of fact and conclusions of law pursuant to Fed.R.Bankr.P. 9014 and 7052. A separate order of confirmation has been entered.